UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE D. SHOPTEESE, 24574-031,<br>Petitioner,<br>v.<br>W. Z. JENKINS II, Warden,<br>Respondent. | Case No. 17-cv-07117-SK (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a prisoner at the Federal Correctional Institution in Dublin, California (FCI – Dublin) serving a sentence imposed by the United States District Court for the District of Kansas, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the execution of her sentence by the Bureau of Prisons (BOP). Petitioner specifically challenges an allegedly improper delay in her placement date in a community residential reentry center.

The petition is properly before the undersigned for initial review because petitioner has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus in behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Claims

Under 18 U.S.C. § 3621(b), the BOP has authority to designate the place of an inmate's imprisonment. Rodriguez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008). And under 18 U.S.C. §

3624(c), it has an affirmative duty to consider placing an inmate in a community Residential Reentry Center (RRC) or similar prerelease alternative toward the end of the inmate's prison term. Id. at 1184.

Petitioner claims that the BOP improperly delayed her placement date in an RRC in violation of an existing contract with the RRC, and in violation of applicable federal law and regulations. Liberally construed, the claims appear arguably cognizable under § 2241 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally). But see Sacora v. Thomas, 628 F.3d 1059, 1061, 1068, 1068-69, 1070 (9th Cir. 2010) (noting that policy disfavoring placement in RRC for more than six months reasonable because Second Chance Act of 2007 (SCA), 42 U.S.C. §§ 17501-17555, affords BOP option to make placements in RRC for up to 12 months but does not require that placements be for longer than six months).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve (1) a copy of this order, (2) the petition and all attachments thereto, and (3) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that respondent consent or decline to consent within 28 days of receipt of service), on respondent and respondent's attorney, the United States Attorney for the Northern District of California, and the Attorney General of the United States in Washington, D.C. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer responding to the allegations in the petition and showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all documents that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

2

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner also must keep the court and all parties informed of any change of address.

**IT IS SO ORDERED**.

Dated: February 12, 2018


_____
SALLIE KIM
United States Magistrate Judge